NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 24 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPH RAYMOND RUIZ,<br><br>Petitioner-Appellant,<br><br>v.<br><br>RON BARNES, Warden,<br><br>Respondent-Appellee. | No.  14-55968<br><br>D.C. No.<br>2:12-cv-09207-DSF-JPR<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted March 6, 2018
Pasadena, California

Before:  GOULD and MURGUIA, Circuit Judges, and CHRISTENSEN,** Chief
District Judge.

Joseph Ruiz appeals the district court's denial of his petition for a writ of

habeas corpus.  A Certificate of Appealability (COA) was granted on two of Ruiz's

---

*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**      The Honorable Dana L. Christensen, Chief United States District
Judge for the District of Montana, sitting by designation.

claims.[1]  First, Ruiz contends that the admission of evidence connecting Ruiz to a

.32 caliber firearm violated his right to due process.  Second, Ruiz raises an

ineffective assistance of counsel claim based on his trial counsel's failure to

request a particular limiting instruction: California Criminal Jury Instruction 375

("CALCRIM No. 375").  We affirm.

We review the district court's denial of a petition for habeas relief *de novo*.

*Ali v. Hickman*, 584 F.3d 1174, 1181 (9th Cir. 2009).  A petitioner bears the burden

of showing that the state court proceedings "(1) resulted in a decision that was

contrary to, or involved an unreasonable application of, clearly established Federal

law, as determined by the Supreme Court of the United States; or (2) resulted in a

decision that was based on an unreasonable determination of the facts in light of

the evidence presented in the State court proceeding." *Harrington v. Richter*, 562

U.S. 86, 98 (2011) (citing 28 U.S.C. § 2254(d)).  A state-court decision is

unreasonable only if fair-minded jurists could not disagree that it was incorrect.

*Davis v. Ayala*, 135 S. Ct. 2187, 2199 (2015).

Ruiz's argument that the admission of the .32 caliber handgun evidence

violated his right to due process fails because there is no clearly established

---

[1] Ruiz also briefed uncertified issues, alleging ineffective assistance of trial counsel as regards the admission of the .32 caliber gun evidence.  We deny the motion to expand the COA.  *See* 9th Cir. R. 22-1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104 (9th Cir. 1999).

Supreme Court precedent holding that the "admission of irrelevant or overtly prejudicial evidence constitutes a due process violation sufficient to warrant issuance of the writ." *Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009). Moreover, the .32 caliber firearm evidence was, at most, minimally prejudicial because it was clear to the jury that the firearm was not the murder weapon, and the evidence was presented to the jury only to establish that Ruiz had access to a firearm. It was also relevant because a witness said that she saw more than one firearm in the car, and the jury could infer that Ruiz may have possessed a firearm during the commission of the crime. The admission of this evidence does not offend "fundamental conceptions of justice which lie at the base of our civil and political institutions, and which define the community's sense of fair play and decency." *Dowling v. United States*, 493 U.S. 342, 353 (1990) (internal quotation marks and citations omitted). There was no due process violation in this challenged evidentiary ruling.

Ruiz's ineffective assistance of counsel claim also fails. In the context of habeas relief, review of an ineffective assistance of counsel claim is "doubly" deferential, because the defendant must not only show that counsel's actions were deficient, but also that there is no "reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington*, 562 U.S. at 105; *see also Strickland v. Washington*, 466 U.S. 668 (1984). Ruiz contends that his trial

3

counsel should have asked for a particular limiting instruction—CALCRIM No. 375—related to evidence of uncharged acts. The California Court of Appeals was reasonable in holding that the limiting instruction actually given—California Criminal Jury Instruction 1403 ("CALCRIM No. 1403")—covered the uncharged acts, rendering CALCRIM No. 375 unnecessary. Also, CALCRIM No. 1403 allows the evidence of uncharged acts to be used for narrower purposes than CALCRIM No. 375. Hence, trial counsel could have reasonably preferred the former instruction to the latter.

**AFFIRMED.**